IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. 11-580

JAMES SWAN :

**GOVERNMENT'S SENTENCING MEMORANDUM**

As described in detail in the government's response in opposition to the defendant's motion for relief under Title 18, United States Code, Section 3607 (Dkt. 33), the defendant illegally bought, used, and even distributed on a few occasions, prescription drugs at The Boeing Company's Ridley Park, PA facility. He did this while assisting in the manufacture of extremely sensitive military equipment. Prior to the charges in this case, the defendant received an ARD disposition to charges in 2009 in Delaware County for striking a parked car while driving under the influence of alcohol. The tapes and transcripts depicting Swan's purchases from a cooperator relating to these charges reveals that he has very serious addiction issues. For those and other reasons, this Court denied the defendant's motion for "Special Probation" pursuant to Title 18, United States Code, Section 3607 (see Memorandum and Order dated August 1, 2012, Dkts. 39 and 40).

At a September 7th hearing, this Court determined that the defendant violated his bail conditions by continuing to abuse drugs, and ordered that the defendant serve 30 days in federal custody, followed by an intensive in-patient treatment program and release to a recovery house. On December 17, 2012, the

defendant will again come before the Court, this time for his sentencing hearing. Because the reports to the government indicate that the defendant's post-incarceration conduct demonstrates a strong commitment to recovery, and for reasons that the government will provide to the Court at the sentencing hearing, the government recommends that this Court impose a sentence of time served, to be followed by a one-year term of supervised release.

## I. BACKGROUND

On April 26, 2012, the defendant pled guilty to Counts One through Three of the information charging him with attempted possession of oxycodone, in violation of Title 21, United States Code, Section 846 (Counts One and Three) and attempted possession of fentanyl (Count Two), in violation of Title 21, United States Code, Section 846. The charges stem from his attempts on September 22, 2011, to illegally purchase oxycodone pills and fentanyl lollipops from an individual cooperating with the government on the Boeing Company's Ridley Park, PA campus.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

According to the Probation Office, the Court may impose a sentence of three years imprisonment, a year of supervised release, a $300,000 fine, and a $300 special assessment.[1]

---

[1] The potential fine of $100,000 per count of conviction is different from the fine that the parties understood could be imposed at the time of the defendant's change of plea hearing – it was the parties understanding that the maximum fine that could be imposed was $1,000 per count of conviction.

**B. Sentencing Guidelines Calculation**

The Probation Office correctly calculated the defendant's advisory guideline range as follows:

| | |
|---|---|
| Base offense level based on attempted possession of controlled substances, 21 U.S.C. § 844, under U.S.S.G. § 2D2.1: | **8** |
| Adjustment for acceptance of responsibility, under USSG § 3E1.1(a) | **- 2** |
| **TOTAL OFFENSE LEVEL** | **6** |

The defendant has a Criminal History Category of **I**. PSR ¶ 27. Accordingly, with a total offense level of 6 and a criminal history category of I, his guidelines range is **zero to six months imprisonment**.

## III. DISCUSSION OF THE SENTENCING FACTORS

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[2] In this case, the government believes that a sentence of time served followed by a one-year term of supervised release is warranted.

**A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

The government argued at length about the nature and circumstances of the offense (both generally as it relates to the illegal consumption of prescription substances and specifically as it relates to the defendant's employment) and the history and characteristics of this particular defendant in its written, testimonial and evidentiary presentations to the Court in opposition to the defendant's motion for Section 3607 relief. Those submissions are therefore incorporated herein.

**B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The sentence imposed in this case must fairly punish the defendant for his criminal conduct, and reflect the seriousness of the offense. The government

[2] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the 'not greater than necessary' language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

respectfully submits that under all of the circumstances related to this defendant, a sentence of time served followed by a one-year term of supervised release would reflect the seriousness of his offenses, would promote respect for the law by those with whom he worked, and would provide a just punishment for his offenses.

**C. The Need to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant**

When passing the Sentencing Reform Act, Congress explained:

> [It is our] view that in the past there have been many cases, particularly in instances of major white collar crime, in which probation has been granted because the offender required little or nothing in the way of institutionalized rehabilitative measures . . . and because society required no insulation from the offender, without due consideration being given to the fact that the heightened deterrent effect of incarceration and the readily perceivable receipt of just punishment accorded by incarceration were of critical importance. The placing on probation of [a criminal] may be perfectly appropriate in cases in which, under all the circumstances, only the rehabilitative needs of the offender are pertinent; such a sentence may be grossly inappropriate, however, in cases in which the circumstances mandate the sentence's carrying substantial deterrent or punitive impact.

S. Rep. No. 98-225, at 91-92 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3274-75.

Prescription drug abuse, as discussed in the government's prior submissions, is a "significant threat" in the United States.[3] The investigation here took a large amount of government resources and, because of the nature of the plant under investigation and the closed culture of its employees, took many years. Accordingly, a sentence of imprisonment – in this case, time already served – would afford both specific and general deterrence to criminal conduct. The recommended sentence of

[3] National Drug Intelligence Center, National Drug Threat Assessment 2005, U.S. Department of Justice, Document ID: 2005-Q0317-003, February 2005 at 99.

incarceration affords adequate deterrence to others who would commit a similar offense. The general deterrent effect of a prison sentence is an appropriate consideration in choosing a reasonable sentence. As the courts of appeals have held both before and after Booker, deterrence under Section 3553(a) is not limited to deterrence of the particular defendant. See, e.g., United States v. Eura, 440 F.3d 625, 638 (4th Cir. 2006) (concurring opinion) (referring to the court's consideration of "the general deterrence factor, § 3553(a)(2)(B)"); United States v. Jordan, 435 F.3d 693, 698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the need for general deterrence and respect for the law"); United States v. Glover, 431 F.3d 744, 751 (11th Cir. 2005) (noting that pre-Booker and post-Booker, "the underlying goals of the statute and the Guidelines are retribution, general deterrence, incapacitation, and rehabilitation" (internal quotation marks omitted)); see also United States v. Yeaman, 248 F.3d 223, 232 (3d Cir. 2001) (referring to Section 3553(a)'s goals of "general deterrence, specific deterrence, retribution, and rehabilitation"). A sentence of imprisonment (here, time served) would help accomplish this goal.

**D. The Need to Provide the Defendant with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

In this case, in light of the defendant's great need for substance abuse a treatment, the government requests that the Court "provide the defendant with needed . . . medical care," or other care, and incorporate such care into a one-year term of supervised release. Section 3553(a)(2)(D).

**E. The Guidelines and Policy Statements Issued by the Sentencing Commission**

As stated earlier, the Guidelines retain their significant importance in advising judges about appropriate sentences. Uniformity in sentencing should be a paramount goal; in order to rid the criminal justice system of unpredictability and possible bias, like offenders should receive like sentences, to the extent possible. The only vehicle for achieving such a goal is through the application of the Sentencing Guidelines. Here, the defendant was sentenced to a 30-day term of imprisonment followed by intensive drug treatment. A sentence of time served, followed by a one-year term of supervised release, is, in the government's view, an appropriate sentence within the advisory sentencing guideline range for this defendant.

**F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

A guidelines sentence is necessary when considering the importance of avoiding unwarranted sentencing disparities, another factor that is set forth in Section 3553(a). As an initial matter, this Section 3553(a) factor is not primarily concerned with sentencing disparities in a particular case; it is designed to ensure sentencing consistency among similarly situated defendants across the entire nation. See United States v. Parker, 462 F.3d 273 (3d Cir. 2006); United States v. Carson, 560 F.3d 566, 586 (6th Cir. 2009) ("Although it is true that § 3553(a)(6) requires a sentencing judge to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct,'" that "factor 'concerns national disparities between defendants with similar criminal histories convicted of similar criminal conduct – not disparities between co-defendants.'").

**G. <u>The Need to Provide Restitution to Any Victims of the Offense</u>**

Restitution is not an issue in this case.

## IV. CONCLUSION

For all of the reasons stated above, the government respectfully recommends a sentence of time served, to be followed by a one-year term of supervised release. This sentence is necessary to address the serious nature of the offense, and to fairly punish the defendant.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

________/s/_________________________
FAITHE MOORE TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I certify that a copy of the GOVERNMENT'S SENTENCING MEMORANDUM has been filed electronically on the Electronic Case Filing system and is available for viewing and downloading from the ECF system, and/or was served by electronic mail on the following defense counsel:

Kai N. Scott, Esq.
Counsel for James Swan

________/s/________________
Ashley K. Lunkenheimer
Assistant U.S. Attorney

Date: December 14, 2012